[Civ. No. 17452.  First Dist., Div. Two.  Jan. 17, 1958.]

JOHN ESPINOLA, Respondent, v. ROSARIO PROVEN-
ZANO et al., Appellants.

Garvin W. Hale for Appellants.

Edward M. Fellows and Lawrence T. Sutton for Re-
spondent.

DOOLING, J.—In this action plaintiff recovered from the
appealing defendants the sum of $17,050 on a common count
for ''monies advanced to . . . defendants at their instance and
request, no part of which has been paid.''

The evidence shows that defendants Provenzano and Beltran were conducting a business as copartners under the name and style of Provenzano Food Company. On June 5, 1953, respondent gave his check for $6,000 to Provenzano together with a label machine valued by agreement at $1,000. He received a receipt reading as follows:

"R. B. Provenzano Food Company does hereby acknowledge receipt of advances to date from John Espinola of the total sum of $7,000.00 said sum to be credited to John Espinola toward his total contribution of $17,000.00 for an interest in the R. B. Provenzano Food Company, Felipe Avenue, San Jose; it being understood that the parties are considering the forming of a corporation or a limited partnership in which John Espinola shall have an interest as his total financial contribution bears to the total value of the R. B. Provenzano Food Company; said total value of the R. B. Provenzano Food Company being the value of the R. B. Provenzano Food Company, as set forth by a balance sheet as of May 31, 1953, to be submitted by the accountant for the company, plus the said total contribution of John Espinola of the said sum of $17,000.00. Dated June 5, 1953. Signed R. B. Provenzano Food Company, by R. B. Provenzano."

It is not disputed that thereafter respondent paid and defendants received pursuant to this agreement, including the label machine valued at $1,000, the total sum of $17,050 for which judgment was recovered. (No point is made in the briefs of this excess of $50 over the amount mentioned in the writing.)

A corporation under the name of Provenzano Food Products was incorporated by the parties in October, 1953, but no stock thereof was ever issued.

An answer was filed on July 1, 1955, denying the essential allegations of the complaint and specially alleging that for the sum of $17,000 plaintiff agreed to accept stock in a corporation to be formed, that said corporation had been formed on October 23, 1953, and that at all times since that date defendants had been willing to perform said agreement but that plaintiff refused and still refuses to accept the interest in said corporation in return for his investment.

On the date of trial, April 24, 1956, defendants asked leave to file an amended answer alleging that the sum of $17,000 was paid by plaintiff for the privilege of becoming a partner in the R. B. Provenzano Food Company and that he in fact became a partner. The trial court reserved action on this

request to amend and at the close of the trial granted leave to file the amended answer.

The evidence most favorable to the respondent showed that while he worked at the plant of Provenzano Food Products for many months without compensation he constantly demanded a balance sheet as of May 31, 1953, but was never given one and the interest in the business to which he was entitled under the agreement was never determined. Finally he consulted an attorney and the present action was filed.

The trial court found that respondent never became a partner in the firm and gave the judgment appealed from.

█ The action was in essence one for money had and received where the consideration has entirely failed. (5 Cal. Jur.2d, Assumpsit, § 22, p. 556.) The action was thoroughly tried on the theory of the affirmative defense of the amended answer and appellants suffered no prejudice by the court's failure to allow the filing of the amended answer until the close of the trial. Whether under the writing respondent was to become a general partner, a limited partner or a stockholder in a corporation to be later formed his interest was to be determined in relation to the value of the partnership assets as shown by a balance sheet as of May 31, 1953. It is not disputed that no such balance sheet was ever presented to him. His interest was never determined, owing to appellants' failure to furnish the data expressly required by the contract. The court was justified in its determination that the consideration for his payment had failed.

Appellants at the trial proved that a balance sheet as of October or November, 1954, was presented to respondent and offered testimony that he had agreed to accept the balance sheet of this date but respondent denied any such agreement and the trial court chose to believe respondent. No balance sheet of May, 1953, was produced even on the trial. █ Finally appellants asked for a continuance to produce such balance sheet which the trial court denied. This was not error. Appellants were on notice from the terms of the contract itself that a balance sheet of May, 1953, was called for and they should have been prepared to present it when the action came to trial.

The claim that there cannot be a recovery at law between partners is answered by the court's finding that respondent did not become a partner. Indeed, this is the very basis of his recovery.

Appellants criticize a finding that ". . . there was never a

co-partnership consisting of Rosario Provenzano, Phil Beltran and John Espinola, and/or either of them . . .'' This finding may be ambiguous, as claimed, but the essential finding follows: ''. . . that said plaintiff, John Espinola, never was and is not now a co-partner in the co-partnership known as the R. B. Provenzano Food Company, and that he did not become a partner of the defendants, Rosario Provenzano and Phil Beltran, and/or either of them . . .'' The latter finding is explicit and disposes clearly of the only affirmative defense pleaded in the amended answer. Any ambiguity in the portion of the finding criticized therefore becomes unimportant.

The failure to prove a demand is not fatal to the cause of action. (5 Cal.Jur.2d, Assumpsit, § 31, p. 568.) The interest in the business which respondent was entitled to receive is to this day because of appellants' conduct still undetermined and it is clear that the evidence amply supports the finding that respondent never became a partner. Appellants' arguments directed to the claim that the action is one for money loaned and the findings are defective in the respect that they do not, and under the evidence could not, find that the money was loaned proceed on a false premise. As pointed out the recovery is for money had and received for a promised consideration which has wholly failed and the findings support the judgment and the evidence supports the findings in this respect.

An examination of the record shows no prejudicial error in the trial of the action and no misconduct of the trial judge.

Appellant Beltran cannot complain that Phil is not his correct first name. He was sued and filed his answer as Phil Beltran.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied February 14, 1958, and appellants' petition for a hearing by the Supreme Court was denied March 12, 1958.